IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01351-RM-SBP

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.   11125 QUINTERO COURT, COMMERCE CITY, COLORADO, 80022;
2.   APPROXIMATELY $17,344.39 IN SUNFLOWER BANK CHECKING ACCOUNT # 1100035300;
3.   2009 HUMMER SUT LUXURY, VIN: 5GRGN02279H100429;
4.   2008 HUMMER UTILITY PASSENGER VEHICLE, VIN: 5GRGN23828H101341; and
5.   $945,572.89 FROM CANVAS CREDIT UNION CHECKING ACCOUNT # 626207,

       Defendants.
_____

# SCHEDULING ORDER
_____

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of the conference:     March 7, 2024, at 10:30 AM

Appearances:

| | |
|---|---|
| Plaintiff United States of America ("United States"): | Laura B. Hurd<br>Assistant United States Attorney<br>United States Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>Telephone: (303) 454-0100<br>Email: Laura.Hurd@usdoj.gov |
| Claimant Matthew Hogan: | *Pro Se*<br>Claimant indicated his current address is:<br>11125 Quintero Court<br>Commerce City, Colorado 80022 |

1

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction and venue in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  *Plaintiff:* The United States seeks forfeiture of the defendant assets pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), as proceeds traceable to violations of 18 U.S.C. §§ 1343 and 641 and property involved in violations of 18 U.S.C. §§ 1956 and 1957.

b.  *Claimant:* Claimant Matthew Hogan contests the forfeiture of the Real Property located at 11125 Quintero Court, Commerce City, Colorado, 80022 (the "Subject Real Property").

## 4. UNDISPUTED FACTS

*The following facts are undisputed:*

1. Venue is proper and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Subject Real Property was purchased in November 2021 for $750,000.00 and titled to Dejane Lattany and Matthew Hogan.

3. On November 3, 2021, a $437,478.37 wire transfer was sent from Citywide Bank account number 1007053 in the name of Dejane Lattany to First Integrity Title as the down payment for the property.

4. On July 25, 202**3**4, the Court entered a Preliminary Order of Forfeiture in criminal case number 23-cr-00074-NYW, forfeiting Lattany's interest in the defendant assets and entered a money judgment in the amount of $3,337,476.94.

5. In August 2023, the Court sentenced Lattany to 48 months of imprisonment.

## 5. COMPUTATION OF DAMAGES

a. The relief sought by the United States is an Order of Forfeiture forfeiting the Subject Real Property to the United States to be disposed of in accordance with law.

b. The relief sought by claimant Matthew Hogan is for the United States to discontinue the forfeiture of the Subject Real Property.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. *Date of Rule 26(f) meeting:*

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

Claimant Matthew Hogan is unsure of his position based on the lack of counsel.

b. *Names of participants and party they represent:*

Laura B. Hurd represents the United States.

Claimant Matthew Hogan is appearing *pro se,* but is seeking counsel to represent him in this matter.

c. *Statement as to when Rule 26(a)(1) disclosures were made or will be made:*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

Claimant Matthew Hogan is unsure of his position based on the lack of counsel.

d. *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

Claimant Matthew Hogan is unsure of his position based on the lack of counsel.

e. *Statement concerning any agreements to conduct informal discovery:*

The United States and claimant Matthew Hogan have not discussed conducting formal and informal discovery by exchanging documents or engaged in settlement discussions at this time.

f. *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:*

The parties have agreed to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case, including the use of a unified exhibit numbering system.

g. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:*

Neither the United States nor Claimant Matthew Hogan is aware of extensive electronically stored information that will be disclosed in this case.

h. *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:*

The United States and Claimant Matthew Hogan have not engaged in settlement negotiations.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:*

~~The United States does not anticipate exceeding the numerical limit of depositions per Fed. R. Civ. P. 30(a)(2)(A)(i). The United States proposes that each party may serve on the other party~~ 10 depositions, including experts, per side; 25 interrogatories, including discrete subparts, per side.

~~Claimant Matthew Hogan is unsure of his position based on the lack of counsel.~~

b. *Limitations which any party proposes on the length of depositions:*

~~The United States proposes each deposition will be limited to~~ One (1) day of seven (7) hours.

~~Claimant Matthew Hogan is unsure of his position based on the lack of counsel.~~

c. *Limitations which any party proposes on the number of requests for production of documents and/or requests for admissions:*

~~The United States proposes that each party may serve~~ 25 requests for production of documents per side and 25 requests for admissions per side. ~~on the other party~~.

~~Claimant Matthew Hogan is unsure of his position based on the lack of counsel.~~

d. *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

The parties will serve their Interrogatories, Requests for Production of Documents, and/or Requests for Admissions on or before **May 7, 2024**, to allow timely responses before the discovery cutoff.

e.  *Other Planning or Discovery Orders:*

None.

## 9. CASE PLAN AND SCHEDULE

a.  *Deadline for Joinder of Parties and Amendment of Pleadings:* **May 6, 2024**

b.  *Discovery Cut-off/Deadline for Motions Pursuant to Fed. R. Evid. 702:*

**September 7, 2024**

c.  *Dispositive Motions Deadline:* **October 19, 2024**

d.  *Expert Witness Disclosure*

1. The parties shall identify anticipated fields of expert testimony, if any.

    a) United States: Financial analysis and money laundering;

    b) Claimant Matthew Hogan is unsure whether he will need expert testimony based on the lack of counsel and information.

2. Limitations which the parties propose on the use or number of expert witnesses. The parties agree on three experts per side ~~party~~ without leave of court.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 7, 2024**.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 7, 2024**.

e. *Identification of Persons to be Deposed:*

| Person to be Deposed | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Matthew Hogan | TBD | TBD | 7 hrs. |
| Dejane Lattany | TBD | TBD | 7 hrs. |
|  |  |  |  |
|  |  |  |  |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

None at this time. Future status conferences may be set at the request of the parties or the Court.

b. A telephonic Final Pretrial Conference is set for January 15, 2025, at 1:30 p.m. before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone. The parties shall electronically file their proposed pretrial order, with witness lists and exhibit lists, through CM/ECF and include a courtesy copy of the proposed order in a Word format sent by email to Prose_Chambers@cod.uscourts.gov by January 10, 2025.

## 11. OTHER SCHEDULING MATTERS

a. *A statement of those discovery or scheduling issues, if any, on which counsel after a good-faith effort, were unable to reach an agreement:*

None.

b. *Anticipated length of trial and whether trial is to the court or jury:*

        A five-day trial to a jury.

c.    *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, LaPlata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango Colorado 81301:*
None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

SO ORDERED this 7th day of March, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge


APPROVED:

s/ *Laura B. Hurd*
Laura B. Hurd
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Email: Laura.Hurd@usdoj.gov
*Attorney for Plaintiff United States*

s/ *Matthew Hogan*
Matthew Hogan
Pro Se Claimant

9