IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01351-RM-SBP

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.    **11125 QUINTERO COURT, COMMERCE CITY, COLORADO, 80022;**
2.    APPROXIMATELY $17,344.39 IN SUNFLOWER BANK CHECKING ACCOUNT #
      1100035300;
3.    2009 HUMMER SUT LUXURY, VIN: 5GRGN02279H100429;
4.    2008 HUMMER UTILITY PASSENGER VEHICLE, VIN: 5GRGN23828H101341; and
5.    $945,572.89 FROM CANVAS CREDIT UNION CHECKING ACCOUNT # 626207,

   Defendants.

---

## RESPONSE TO DEFENDANT'S MOTION FOR NO-SALE-PROFIT AGREEMENT [ECF DOCS. 102 AND 102-1]

---

Claimant Matthew Hogan moves this Court to allow him to remain in defendant 11125

Quintero Court, Commerce City, Colorado for an indefinite period and prohibits the government

from selling and recovering the fraud proceeds from the residence.  ECF Docs. 102 and 102-1.

His motion should be denied.

### BACKGROUND

On May 31, 2022, the government filed its Verified Complaint for Forfeiture *In Rem*,

seeking forfeiture of the above-captioned defendant assets based on violations of 18 U.S.C. §§

1343, 641, 1956, and 1957.  ECF Doc. 1.  The United States sent notices of the forfeiture action

to all known interested parties. ECF Docs. 8, 30, and 33.

1

On February 8, 2024, Mr. Matthew Hogan (herein "Claimant Hogan") appearing *pro se*
filed a Response to the Complaint, which the government agreed to construe as a claim
contesting the forfeiture of defendant 11125 Quintero Court.  ECF Docs. 37, 44.

The government moved for summary judgment pursuant to 18 U.S.C. § 981(a)(1)(C) and
(a)(1)(A), because defendant 11125 Quintero Court was purchased with proceeds traceable to
wire fraud (18 U.S.C. § 1343), and was property involved in money laundering transactions or
property traceable thereto (18 U.S.C. § 1957).  ECF Doc. 85.  Claimant Hogan did not respond
by April 23, 2025, or seek an extension of time to do so. *See* D.C.COLO.LCivR 56.1(a) (a party
has 21 days to respond to a Fed. R. Civ. P. 56 motion). The Court granted the government's
summary judgment motion on May 9, 2025, finding the government had met its burden under
Fed. R. Civ. P. 56. ECF Doc. 98.

Claimant Hogan filed a motion, titled *Defendant's Motion for No-Sale-Profit Agreement*.
ECF Docs. 102, 102-1.  In it, he argues that the Court should allow him to "retain the property
solely as a residence for his children," [p]rohibit the sale of the property for any personal profit,"
and "[r]ecognize that forfeiture of the property would cause undue hardship to innocent
children."  *Id.*   In support, he states that his children need stability, and he is involved in a
custody case, but provides no legal basis for his request.  None of the cited reasons should
prohibit the forfeiture of the residence.

## ARGUMENT

There is no legal basis for Claimant's request.  Claimant Hogan's motion asks the Court
to indefinitely prolong the forfeiture of the residence and to provide him a windfall.  At its core,
Claimant Hogan seeks to remain in a residence, mortgage-free, to provide stability to his

children.  None of the reasons cited by Claimant Hogan are sufficient for such extraordinary

relief.

The "agreement" Claimant Hogan proposes gives the government and the mortgage

holder nothing in this litigation. The wire fraud proceeds used to purchase the residence came

from taxpayer funds.  The mortgage-holder is innocent of the underlying conduct and is owed

hundreds of thousands of dollars.  Although such an agreement would benefit Claimant Hogan, it

is wholly unequitable and unrealistic.

Indeed, the mortgage remains due and owing and is slowing diminishing the equity in the

home by every passing month.  If the residence is not forfeited, it will likely be foreclosed upon.

In addition, Claimant Hogan has had a very long time to provide stability for his children,

including looking for a new residence that he could afford.  He has not.  He now asks the Court

to provide that stability for him by providing what most people do not have, a free home for his

lifetime.  There is simply no basis for Claimant Hogan's request.  Accordingly, the government

asks that the Court deny his motion.

DATED: This 24th day of June 2025.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

By: s/*Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Laura.Hurd@usdoj.gov
*Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, and sent the same via regular mail to:

Dejane Reaniece Lattany
Register Number 51090-510
FMC Carswell
FEDERAL MEDICAL CENTER
P.O. BOX 27137
FORT WORTH, TX  76127

Dejane Reaniece Lattany
Register Number 51090-510
FMC Carswell
FEDERAL MEDICAL CENTER
SATELLITE CAMP
P.O. BOX 27137
FORT WORTH, TX  76127

Mr. Matthew Hogan
11125 Quintero Court
Commerce City, CO 80022

s/ *Jody Gladura*
FSA Federal Paralegal
Office of the U.S. Attorney

4