**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-01351-RM-SBP

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **11125 QUINTERO COURT, COMMERCE CITY, COLORADO, 80022;**
2. APPROXIMATELY $17,344.39 IN SUNFLOWER BANK CHECKING ACCOUNT # 1100035300;
3. 2009 HUMMER SUT LUXURY, VIN: 5GRGN02279H100429;
4. 2008 HUMMER UTILITY PASSENGER VEHICLE, VIN: 5GRGN23828H101341; and
5. $945,572.89 FROM CANVAS CREDIT UNION CHECKING ACCOUNT # 626207,

        Defendants.

---

**ORDER ON POST-JUDGMENT MOTIONS**

---

Three post-judgment Motions by Claimant Matthey Hogan, who proceeds pro se in this forfeiture proceeding, are before the Court.  (ECF Nos. 99, 100, 102.)  Plaintiff has responded to the Motions (ECF Nos. 101, 106), and Claimant Hogan has filed a Reply (ECF No. 104).  For the reasons below, the Motions are denied.

Plaintiff commenced this action in May 2022 by filing a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant assets were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).  (ECF No. 1.)  The proceedings were stayed for a year due to a related criminal investigation.  (ECF Nos. 13, 25.)  In February 2024, Claimant Hogan filed a claim contesting the forfeiture of Defendant 11125 Quintero Court.  (ECF No. 37.)  In April 2025, Plaintiff moved for summary judgment with respect to that Defendant and for default

judgment with respect to the other Defendants. (ECF Nos. 85, 90.) No response was filed to either motion, and both were granted. (ECF Nos. 91, 98.) In its summary judgment Order, the Court found that Defendant 11125 Quintero Court is subject to forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A) and (C), based on violations of 18 U.S.C. §§ 1343 and 1957. (ECF No. 98.) Claimant Hogan's Motions followed.

Claimant Hogan's first post-judgment Motion (ECF No. 99) seeks to set aside the summary judgment Order pursuant to Fed. R. Civ. P. 60(b) and appears have been incorporated into his second Motion (ECF No. 100), filed the following day and seeking relief under the same Rule. Therefore, the Court denies the first Motion as moot.

In the second Motion, Claimant Hogan argues that relief is warranted under Rule 60(b)(1) and (6) due to excusable neglect and mistake. (*Id.* at 3.) He states that he "was not aware of the required response deadline and was dealing with several life-altering challenges," including a serious knee injury and becoming the sole caretaker for three children, one of them a newborn, due to their mother's incarceration. (*Id.*) As for a substantive defense, Claimant Hogan "asserts that he has no knowledge of any illegal activity related to the purchase or use of the property" and "requests an opportunity to respond on the merits." (*Id.* at 4.)

In its Response, Plaintiff argues that Claimant Hogan has failed to establish excusable neglect, citing his recurrent lack of participation in the case, including his failure to provide discovery responses, to appear at a status conference, or to timely respond to a sanctions motion. (ECF No. 101 at 2; *see id.* at 7 ("Claimant Hogan seems to only appear in this case after the Court enters Orders which are unfavorable to him.").) Plaintiff further argues that "there is absolutely no indication in Claimant Hogan's motions that he will be participating in this case in

any meaningful way going forward." (*Id.* at 6.)  The Court notes that the claimed difficulties and challenges did not prevent Claimant Hogan from filing other pleadings in the timeframe of alleged inability, albeit prior to the filing of the motion for summary judgment.  (ECF Nos. 70, 76-78.)  Moreover, despite significant evidence that the property was purchased with proceeds traceable to wire fraud, Claimant Hogan has provided no evidence to support his position that he is an innocent owner of the property.

On the current record, the Court discerns no grounds for finding excusable neglect under Rule 60(b)(1) or any other reason justifying relief under Rule 60(b)(6).  Therefore, this Motion is denied.

In his third Motion, Claimant Hogan seeks a "no-sale-profit agreement" that would allow him to retain the property as a residence of him and his children.  (ECF No. 102.)  However, as Plaintiff points out, there is no legal basis for such a request.  Nor does Claimant Hogan explain how the government or the mortgage holder would benefit from any proposed arrangement.  Accordingly, this Motion is denied as well.

The pending Motions (ECF Nos. 99, 100, 102) are hereby DENIED, and this case remains CLOSED.

DATED this 4th day of November, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge